Filed 2/10/21  P. v. Tolliver CA4/2
*See dissenting opinion.*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073678 |
| v. | (Super.Ct.No. SWF1103150) |
| JAMES HENRY TOLLIVER III, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Stephen J. Gallon, Judge. Reversed.

Higbee & Associates, Mathew K. Higbee, and Paul Hecht for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Robin Urbanski, and Yvette M. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant James Henry Tolliver III appeals the denial of his petition for dismissal filed pursuant to Penal Code section 1203.4, subdivision (a)(1),[1] and request to have his convictions declared misdemeanors pursuant to section 17, subdivision (b), (Petition). In 2011, defendant, along with two codefendants, was placed on probation for five years based on his admission to conspiracy to commit grand theft and committing prohibited acts by a foreclosure consultant. Defendant's probation term was completed in July 2016. In 2019, he brought the Petition based on his claim that he successfully completed probation. He requested that his convictions be dismissed and declared misdemeanors.

The People opposed the postjudgment relief contending that defendant's probation conditions included that he was to pay direct victim restitution in an amount to be determined, but no restitution amount was set during the probation term. The victims had not been paid full restitution and defendant should be ordered to pay restitution. The trial court denied defendant relief relying on the unpaid restitution and ordered that defendant was jointly responsible for victim restitution in the amount of $392,800.

Defendant claims on appeal that (1) the trial court erred by denying the Petition as he had successfully completed the terms of his probation; (2) the trial court acted without authority or acted in excess of its jurisdiction when it amended defendant's sentence to impose an order of restitution two years after his probation term had expired; and (3) the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

trial court erred by denying his motion to reduce his convictions to misdemeanors pursuant to section 17, subdivision (b).

## FACTUAL AND PROCEDURAL HISTORY

### A. PETITION

On March 11, 2019, defendant filed the Petition. He acknowledged that he had been convicted of a violation of Penal Code sections 182, subdivision (a)(1), and 487, subdivision (a); and three counts of violating Civil Code section 2945.4, subdivision (A). Defendant declared that he had been granted probation and had fulfilled the conditions of probation. He had paid all of the fines and fees ordered by the court. He declared he had completed the five years of ordered probation and had obeyed the laws for eight years. Defendant declared that he had received his college degree and was employed. He sought to have his convictions dismissed in order to further his career. He was supporting six children. Defendant also sought to reduce his convictions to misdemeanors under Penal Code section 17, subdivision (b).

### B. OPPOSITION TO PETITION

The People filed opposition to the Petition. The People stated that defendant's convictions arose from him forming a company called TYA with his codefendants, Samuel Etta and Susan Yen (codefendants). They charged numerous clients fees between $3,000 and $7,000 to stop foreclosures on their homes, but failed to do so. The People noted that charging fees upfront constituted a felony and that the scheme to promise results when no work was done was grand theft. Defendant and codefendants were charged in San Joaquin County Superior Court with conspiracy (Pen. Code, § 182,

subd. (a)); grand theft in the amount of $484,000 (Pen. Code, § 487); and three counts of unlawful foreclosure activity (Civ. Code, § 2945.4, subd. (A)).

On July 21, 2011, defendant and codefendants pled guilty to the charges and they were ordered to pay restitution in an amount to be determined by the probation department. On October 25, 2011, defendant's probation was transferred to Riverside County. On November 29, 2011, a hearing on restitution was conducted in the San Joaquin Superior Court. The trial court indicated it lacked jurisdiction to impose restitution against defendant due to the transfer of his probation. On April 8, 2016, an award of restitution was ordered in the amount of $392,800 against Etta to be paid to the victims.

The People admitted that there were no records from the probation department in Riverside County imposing restitution against defendant. The People also admitted that defendant's probationary period had been completed. Relying on section 1202.4, the People contended that defendant must pay restitution to his victims. The People insisted that a sentence without the award of restitution was an illegal sentence. The People sought to have the trial court order restitution against defendant in the amount of $392,000[2] for which he would be jointly and severally liable.[3] The Petition should be denied based on defendant's failure to pay the restitution.

---

[2] The prosecutor's motion requested $392,000 restitution as to defendant.

[3] Deputy Attorney General Keith Lyon declared that codefendants had paid $151,490.51 in victim restitution; there was no record of defendant paying any restitution.

4

C.    REPLY TO OPPOSITION

Defendant filed a reply, responding that at no time did the order of probation include an amount that he owed in direct restitution to the victims. There was a specific order of restitution entered against Etta in the amount of $392,800 on April 8, 2016. At no time during defendant's probationary period was a similar order of restitution recommended to be imposed against defendant. Relying on section 1203.3, defendant argued that a modification of the probationary terms, including the ordering of the restitution fine, could only be ordered " '*during the term of probation*.' " Section 1203, subdivision (b)(4), allowed the imposition of restitution while a defendant was on probation, but not once probation was completed. Defendant contended that he had successfully fulfilled his obligations of probation and was entitled to relief pursuant to section 1203.4. His probation expired in July 2016. Defendant further argued the People failed to impose the restitution during his probationary period even though the People were aware of the amount on April 8, 2016, when the restitution order was imposed on Etta.

Defendant encouraged the trial court to reduce his convictions to misdemeanors pursuant to section 17, subdivision (b), based on a section 1203.4 dismissal not resulting in the expungement or sealing of his convictions. Defendant contended that the People did not oppose the reduction to misdemeanors.

D.    HEARING ON THE PETITION

The matter was heard on June 10, 2019. The trial court expressed that it had read all of the filings. It issued a tentative ruling. It noted that defendant's probation had been

5

terminated and that he had no violations of probation. The trial court noted, "While there's no violation, I certainly think the time is sufficient to set the bail— or the restitution in the amount requested, make it joint and severed with the codefendants. How I'm going to enforce that, I don't know how that's going to happen, but at least it will be there." The trial court enquired as to how the Petition should be resolved based on the restitution order. The People opposed granting the Petition based on the unpaid restitution.

The trial court noted that it was "impressed" by defendant's progress and that there were "lots of reasons for him to move on with his life." However, the trial court was "more concerned" about the restitution. The trial court denied the Petition but suggested that it could be brought again once the restitution was paid.

## DISCUSSION

### A. AWARD OF RESTITUTION AFTER PROBATION TERM ENDED

We first address defendant's contention that the trial court acted in excess of its jurisdiction by finding it could modify his probation, after the probation term had expired, to impose the $392,8000 restitution fine.

"The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) "Restitution has long been considered a valid condition of probation." (*Id.* at p. 1121.) "[A]rticle I, section 28, of the California Constitution, also known as Proposition 8, grants victims of crime a constitutional right

6

'to restitution from the wrongdoers for financial losses suffered as a result of criminal acts.' " (*Id.* at p. 1122.)

Subdivision (f) of section 1202.4 was added after Proposition 8 and provides, "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution." Section 1202.4, subdivision (f)(1), provides, in part, "The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant."

Section 1203.3, subdivision (a),[4] provides, in part, "The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence." Section 1203.3, subdivision (b)(4), provides, "The court may modify the time and manner of the term of probation for purposes of measuring the timely payment of restitution obligations or the good conduct and reform of the defendant while on probation." Section 1203.3, subdivision (b)(5)

---

[4] Section 1203.3 was amended effective January 1, 2020. (Stats.2019, c. 573 (A.B. 433) effective Jan. 1, 2020.) When referring to section 1203.3 we refer to the version effective January 27, 2012, through December 31, 2019. (Stats.2012, c. 43 (S.B. 1023) eff. June 27, 2012.)

provides "Nothing in this section shall be construed to prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time during the term of probation."

"When a probationer is discharged, he or she has completed the term of probation, and the court no longer has jurisdiction." (*People v. Lewis* (1992) 7 Cal.App.4th 1949, 1955-1956; see also *In re Barber* (2017) 15 Cal.App.5th 368, 372 ["[o]nce probation expires, a court loses jurisdiction to make an order revoking or modifying an order suspending the imposition of sentence or execution thereof and admitting the defendant to probation"].)

In *In re Griffin* (1967) 67 Cal.2d 343, the California Supreme Court concluded, relying on the plain language of the probation statutes in effect at the time, which limited modifications to the time a defendant was on probation, that revocation of probation after the probation term had expired was in excess of the trial court's jurisdiction. (*Id.* at p. 346-347.)

In *People v. Hilton* (2014) 239 Cal.App.4th 766 (*Hilton*), the defendant hit a pedestrian while driving and pled no contest to driving under the influence. He was placed on probation for three years and ordered to pay restitution to the pedestrian in an amount to be determined at a later restitution hearing. At a later hearing, the defendant was ordered to pay $3,215, which he paid in full. (*Id.* at p. 769.) The pedestrian sued the defendant in civil court and was awarded 3.5 million dollars. (*Id.* at p. 769-770.) Almost two years after defendant's probation had expired, the pedestrian sought additional restitution in the criminal case to cover his attorney's fees and costs for the civil case, and

other fees.  The pedestrian relied on section 1202.4, subdivision (f)(1), which provides that a court may modify the amount of restitution on its own motion or a motion from the district attorney, the victim or the defendant.  (*Hilton*, at p. 770.)  A hearing was conducted, and the trial court determined it had jurisdiction to impose additional restitution because the original restitution fine did not provide full restitution to the victim.  (*Ibid.*)

On appeal, the *Hilton* court held "a trial court does not have jurisdiction to modify a defendant's probation to impose restitution after the defendant's probationary term has expired.  Such a modification would be erroneous as an act in excess of the trial's court's jurisdiction."  (*Hilton*, *supra*, 239 Cal.App.4th at p. 769.)  The appellate court relied on the reasoning in *Griffin*, *supra*, and the language of section 1203.3, subdivisions (b)(4), and (b)(5), which both contained language that limited modifications to the probation term.  (*Hilton*, at pp. 769, 775-777.)

In *People v. Waters* (2015) 241 Cal.App.4th 822 (*Waters*), the defendant pleaded guilty to a charge of grand theft embezzlement while she was a clerk at Bank of America.  "In reciting the terms of the plea agreement, the prosecutor stated defendant would pay restitution in an amount to be determined.  However, when the trial court placed defendant on three years of probation, it only ordered her to pay a $200 restitution fine.  It failed to order defendant to pay restitution to BofA."  (*Id.* at p. 825.)[5]  She successfully

---

[5] The facts in *Waters* are not clear if the imposition of restitution to the victim was excluded from the signed plea agreement or it is the same situation as this case, where the terms of probation clearly included that victim restitution was ordered but the amount was not determined at the time the plea was entered.

9

completed her probation. Two years after the defendant's probation term had expired, she filed a petition to have her convictions reduced to misdemeanors pursuant to section 1203.4. In response, the probation department filed a recommendation that victim restitution be ordered because the victim had submitted a victim impact statement requesting over $20,000, which had never been ordered during the defendant's probation. (*Waters*, at p. 825.)

At an initial hearing on the section 1203.4 petition, the trial court indicated that it intended to order restitution. The defendant stipulated to the amount. The trial court refused to grant the section 1203.4 petition until restitution was paid in full. At subsequent hearings, the defendant withdrew the stipulation to the restitution amount, evidence of the amount was presented, and the trial court awarded victim restitution at $20,800 to be paid by the defendant. (*Waters*, *supra*, 241 Cal.App.4th at pp. 825-826.)

On appeal, the *Waters* court found, "In this case, the trial court ordered defendant to pay restitution over two years after the expiration of her probation, when she petitioned for dismissal of her felony conviction. We agree with the reasoning . . . in *Hilton* and find the restitution order was an act in excess of the trial court's jurisdiction." (*Waters*, *supra*, 241 Cal.App.4th at p. 829.) It found that to hold otherwise would render the terms "while on probation" and "during the term of probation" in section 1203.3, subdivisions (b)(4), and (b)(5), surplusage. (*Waters*, at p. 830.) Further, to allow a trial court to impose restitution after expiration of probation could result in an order for a defendant to pay restitution "decades after probation expires." (*Id.* at p. 831.)

10

Here, defendant was ordered at the time he was granted probation in 2011 to pay victim restitution in an amount to be determined. A later hearing was conducted in April 2016 at which Etta was ordered to pay $392,800 in victim restitution but no similar order was entered against defendant. His probation term expired in July 2016. The People did not pursue a restitution order against defendant and the trial court did not impose such fine during the probation period. Only when defendant sought to have his convictions dismissed by filing a section 1203.4 petition did the People realize no restitution fine had been imposed. We find the trial court acted in excess of its jurisdiction by determining the amount of victim restitution after defendant's probation expired. While this case is not exactly the same situation as in *Hilton* and *Waters* these cases make clear that section 1203.3, subdivisions (b)(4), and (b)(5), would have no meaning if the trial court was permitted to take action in setting the restitution amount after the probation term had expired. Although a victim has a right to restitution, there also must be some end to the jurisdiction of the trial court. The People and the victim were aware at the time the plea agreement was entered in 2011 that the amount of victim restitution needed to be determined and did nothing to pursue the setting of the amount during defendant's probation period.

The People rely on section 1202.46 to support their argument that the trial court retained jurisdiction to impose the restitution fine after the probation term expired. Section 1202.46 provides, "[W]hen the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or

11

modifying restitution until such time as the losses may be determined.  This section does not prohibit a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4"

Initially, in *Hilton*, the court considered the language of section 1202.46, and determined "Section 1202.46 too must be harmonized with the preexisting statutory and case law concerning probation, with the result that that section does not authorize a trial court to impose restitution once the defendant's probationary term has expired."  (*Hilton*, *supra*, 239 Cal.App.4th at pp. 781-782.)  It reasoned, [T]o hold otherwise would subject a defendant placed on probation to a lifetime restitution obligation and there would be no end to the restitution orders trial courts could impose on such a defendant."  (*Ibid*.)

In *Waters*, the court rejected the argument that the court could impose the restitution order as a nonprobationary order under section 1202.46.  It found, "The statute's use of the phrase 'at any time' cannot be read in isolation and must be harmonized with the preexisting statutory and case law concerning probation, including section 1203.3, which limits the court's power to modify probation and restitution after the expiration of the probationary period."  (*Waters*, *supra*, 241 Cal.App.4th at pp. 830-831, fn. omitted.)

The language of section 1202.46 should not be read in isolation.  The probation statutes specifically refer to modifications to restitution amounts and restitution orders occurring during the term of probation.  Here, section 1202.46 did not extend the time in which the restitution fine could be imposed.

12

Moreover, even if we were to consider section 1202.46 somehow extends jurisdiction, it is clear from the plain language of the statute that it does not extend the time period indefinitely. Section 1202.46 states that the time is extended until "such time as the losses may be determined." (See *People v. Snook* (1997) 16 Cal.4th 1210, 1215 ["When looking to the words of the statute, a court gives the language its usual, ordinary meaning. If there is no ambiguity in the language, [we] presume the Legislature meant what it said and the plain meaning of the statute governs"].) Here, the People knew the amount of the losses when the restitution order was imposed against Etta on April 8, 2016. Since Etta and defendant were jointly and severally liable for restitution, the People and even the victim were aware of the amount that defendant owed. Defendant's probation did not expire until July 2016. The People and the victim did nothing to pursue restitution prior to expiration of defendant's probation term despite the language of section 1202.46 allowing them to seek a modification or imposition of the restitution fine.

Section 1202.46 should not be used to extend the time ad infinitum but rather should be confined to the time in which the amount of restitution can be ascertained. In this case, that was on April 8, 2016, three years prior to the trial court's order of restitution. Even if the trial court retained jurisdiction pursuant to section 1202.46, the trial court could not impose the restitution based on the plain language of the statute.

The People further contend that *People v. Bufford* (2007) 146 Cal.App.4th 966 is better reasoned and supports the imposition of the restitution fine in this case. In *Bufford*, the defendant pleaded guilty to one count of elder theft, and she was sentenced to a four-year prison term with a restitution order in an amount to be later determined. (*Id.* at p.

13

968.)  After the defendant had completed her sentence, the prosecution requested that the trial court impose the restitution fine.  The trial court found it lacked jurisdiction, but the appellate court, relying on section 1202.46, found the trial court could impose the fine at any time.  (*Bufford*, at pp. 969-972.)

As the courts found in *Waters* and *Hilton,* since the defendant in *Bufford* had been sentenced to state prison, *Bufford* did not consider the language of the probation statutes.  (*Waters*, *supra*, 241 Cal.App.4th at p. 831, fn. 5; *Hilton*, *supra*, 239 Cal.App.4th at p. 782.)  Further, in *Bufford*, the restitution hearing was continued several times and the restitution fine amount was not determined prior to the expiration of the defendant's prison term.  (*People v. Bufford*, *supra*, 146 Cal.App.4th at pp. 970-972.)  Here, the amount of restitution was determined several years prior to the imposition of the restitution fine but the People did not seek the restitution order in a timely manner.

We conclude the trial court exceeded its jurisdiction by finding it could still order restitution even though defendant's probation term had expired and by ordering defendant to pay $392,800 in victim restitution.

B.     DENIAL OF SECTION 1203.4 PETITION

We have concluded that the trial court acted in excess of its jurisdiction by finding both that defendant's probation terms could be modified after his probation term expired to impose a restitution fine, and by imposing the restitution fine.  It follows that the trial court erred by denying defendant's Petition on the basis that he had failed to pay restitution to the victim as defendant had fulfilled the conditions of his probation.

14

Section 1203.4, subdivision (a)(1) provides "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; . . . and, . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted."

"As the statutory language makes clear, there are three situations in which a defendant may be entitled to have his or her conviction dismissed. The first two—when the defendant fulfilled the conditions of probation for the entire probationary period or when the defendant was discharged before the termination of the period of probation— require the court to grant the requested relief if the conditions are met. The last requires the court to determine whether, in its discretion and the interests of justice, the relief should be granted." (*People v McLeron* (2009) 174 Cal.App.4th 569, 574.) "In other words, when a defendant has satisfied the terms of probation, the trial court has no discretion to deny a section 1203.4, subdivision (a) motion." (*People v. Marinelli* (2014) 225 Cal.App.4th 1, 4.)

Here, defendant had fulfilled the conditions of probation two years prior to bringing the Petition. Defendant was never ordered to pay the victim restitution, and as we have concluded, it could not be imposed after his probationary term had ended. Defendant had fulfilled his probation term and was entitled to relief under section 1203.4, subdivision (a)(1).

C.     REDUCE CONVICTIONS TO MISDEMEANORS

Defendant insists that in addition to granting the Petition pursuant to section 1203.4, the trial court was required to determine that his convictions were misdemeanors.

Section 1203.4, subdivision (a)(1) does not dismiss the felony convictions for all purposes. It provides, "[I]n any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Further, "[T]he order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission." (§ 1203.4, subd. (a)(1).) As such, defendant reasonably sought to have his convictions declared misdemeanors.

Former section 17, subdivision (b)[6], provides "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a

---

[6] We refer to the version effective October 1, 2011, to December 31, 2018. (Stats.2011, c. 15 (A.B. 109) eff. April 4, 2011.)

16

county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:  [¶]  . . .  [¶]  (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."[7]

Factors the trial court shall consider in deciding to reduce a felony to a misdemeanor under section 17, subdivision (b), include " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978.)  We review such decision for an abuse of discretion.  (*Id.* at pp. 977-978.)

Here, the trial court clearly used an incorrect factor in denying the Petition requesting that his convictions be declared misdemeanors:  the failure of defendant to pay victim restitution that had not been ordered.  The trial court failed to consider any other factors.  As such, remand is necessary in order for the trial court to properly exercise its discretion as to whether to reduce defendant's convictions to misdemeanors without considering restitution as a factor.

---

[7] As stated by defendant, the People do not dispute that defendant's convictions were eligible wobbler offenses.

17

## DISPOSITION

The denial of defendant's petition for dismissal pursuant to section 1203.4, subdivision (a)(1), and section 17, subdivision (b), is reversed and the trial court is directed to enter an order granting the dismissal under section 1203.4, subdivision (a)(1). The matter is remanded for the trial court to properly exercise its discretion pursuant to section 17, subdivision (b).[8]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

I concur:

CODRINGTON
J.

---

[8] In his conclusion, defendant requests that this court order attorneys fees and costs "to the extent permitted by law."  As noted by the People defendant has failed to provide any supporting authority for his request thereby waiving the claim.  (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [appellate briefs shoy:uld contain legal arguments with citation to authority or the court may consider the claim waived].)

Defendant James Henry Tolliver III and his codefendants participated in a scheme to defraud struggling homeowners, charging their victims thousands of dollars in fees—purportedly to arrange for loan modifications—and then doing nothing. Tolliver pled no contest to conspiracy, grand theft of $484,000, and unlawful conduct by a foreclosure consultant. (Pen. Code, §§ 182, subd. (a)(1), 487, subd. (a); Civ. Code, § 2945.4, subd. (a); unlabeled statutory citations are to the Pen. Code.) The trial court ordered five years of probation and ordered Tolliver to pay restitution as a term of probation in an amount to be determined later. The court did not set the restitution amount within the next five years, and Tolliver made no restitution payments.

After expiration of the five-year period, Tolliver petitioned for dismissal of the charges under section 1203.4, subdivision (a)(1), and reduction of the charges to misdemeanors under section 17, subdivision (b). The prosecution opposed on the ground that Tolliver had never paid restitution. The trial court agreed with the prosecution, denied Tolliver's petition, and set the restitution amount at $392,800, jointly and severally among Tolliver and his codefendants.

The majority opinion reverses, holding that the trial court lacked jurisdiction to set the restitution amount after expiration of the probationary period. I respectfully disagree. In my view, the applicable legal authorities compel affirmance.

Every crime victim in California who suffers a loss has a state constitutional right to restitution. (Cal. Const., art. I, § 28, subd. (b).) The right cannot be waived, bargained

1

away, or otherwise limited by the prosecution.  (*People v. Pierce* (2015) 234 Cal.App.4th 1334, 1337-1338 (*Pierce*).)

There are two relevant statutes implementing crime victims' constitutional right to restitution.  Subdivision (f) of section 1202.4 provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order . . . .  If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court."  If at sentencing the court is unable to determine the restitution amount, section 1202.46 gives the court jurisdiction to set it later: "[W]hen the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined.  This section does not prohibit a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4."

There is also a relevant statute concerning modification of terms of probation.  Subdivision (a) of section 1203.3 gives the trial court power to modify the terms of probation only during the probation term:  "The court has the authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition

2

or execution of sentence." In addition, subdivision (b)(5) of section 1203.3 provides that "[t]his section does not prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time during the term of the probation."

As applied to cases like this one, section 1203.3 and section 1202.46 conflict. When restitution is ordered as a term of probation but the amount is not set because it cannot yet be determined, section 1202.46 provides that the trial court has continuing jurisdiction to set the amount "until such time as the losses may be determined," which might be after the probationary period ends (as it was in this case). But under section 1203.3, the trial court has the power to modify the terms of probation only during the probationary period. The statutes conflict—one authorizes what the other forbids. We consequently must determine which one is an exception to the other. (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 956.)

In my view, section 1202.46 provides for an exception to section 1203.3's general rule that probation terms can be modified only during the probationary period. The exception is that the court retains the power to set the amount of restitution until such time as the amount can be determined, even if that time is after the probationary period ends. Such an exception makes sense: The mere passage of time during which the court is unable to determine the amount of the victim's loss should not extinguish the victim's constitutional right to restitution, a right that cannot be waived, bargained away, or otherwise limited by the prosecution. (*Pierce*, *supra*, 234 Cal.App.4th at pp. 1337-1338.)

3

The Legislature unambiguously expressed its intent to prohibit such a result—under section 1202.46 a sentencing order that is "invalid" because it omits restitution can be corrected "at any time."

The majority opinion contains two counterarguments, but neither has merit. First, the majority opinion relies on *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766 (*Hilton*) and *People v. Waters* (2015) 241 Cal.App.4th 822 (*Waters*) for the proposition that section 1203.3 is an exception to section 1202.46, and not the other way around. (Maj. opn., *ante*, p. 12.) The cases do not support the majority opinion's conclusion.

In *Hilton*, the trial court ordered probation and restitution and set the amount, which the defendant paid in full. (*Hilton*, *supra*, 239 Cal.App.4th at p. 769.) Several years later, after the probationary period had ended, the victim moved for an additional amount of restitution, which the trial court granted. (*Id.* at p. 770.) The Court of Appeal reversed, holding that the trial court lost jurisdiction to modify the restitution amount when the probationary period ended. (*Id.* at p. 769.) The appellate court held that section 1202.46 did not apply, because it extends the trial court's jurisdiction to set the restitution amount only "'*until such time as the losses may be determined*.'" (*Hilton*, at p. 782.) Because the trial court had determined the losses and set the restitution amount just a few months after sentencing (after which the defendant paid it in full while on probation), the court's jurisdiction to set the amount was not extended further by section 1202.46. (*Id.* at p. 769.) *Hilton* thus casts no doubt on the proposition that when the court is unable to set the restitution amount before the end of the probationary period, section 1202.46 gives

4

the court continuing jurisdiction to set it later. In *Hilton*, the court did set the amount during probation and then tried to increase it after probation ended, so section 1202.46 did not apply.

In *Waters*, the trial court ordered probation but failed to order restitution. (*Waters, supra*, 241 Cal.App.4th at p. 825.) Two years after the defendant successfully completed probation, the defendant sought to reduce her felony conviction to a misdemeanor under section 1203.4. (*Ibid.*) The probation department informed the trial court that restitution had never been ordered, even though the victim had claimed a loss of $20,800. (*Ibid.*) The trial court ordered restitution of $20,800, but the Court of Appeal reversed, relying on *Hilton* and section 1203.3. (*Waters*, at pp. 826, 829.) *Waters* is distinguishable because there the court did not order restitution until after probation ended, but here the court ordered restitution at sentencing.[1] Apart from citing *Hilton*, *Waters* does not articulate any basis for the conclusion that section 1203.3 is an exception to section 1202.46, rather than the other way around. And again, *Hilton* provides no support for that conclusion, because in *Hilton* section 1202.46 did not apply at all, so there was no occasion to resolve any conflict between it and section 1203.3. Thus, in addition to

---

[1] The majority opinion confuses the issue by asserting that it is "not clear" whether in *Waters* restitution was ordered as a term of probation. (Maj. opn., *ante*, p. 9, fn. 5.) There is no lack of clarity. In *Waters* the trial court imposed "a $200 restitution fine" but "failed to order defendant to pay restitution to" the victim. (*Waters, supra*, 241 Cal.App.4th at p. 825; see also *id.* at p. 831, fn. 5 ["unlike in the instant action, the trial court in [another case] expressly ordered the defendant to pay restitution at sentencing"].) A restitution fine under subdivision (b) of section 1202.4 is not the same thing as direct victim restitution under subdivision (f) of section 1202.4. (See generally 3 Witkin & Epstein, Cal. Criminal Law (4th ed. 2020) Punishment, §§ 110, 117.)

5

being distinguishable, *Waters* is unpersuasive (and, in my view, was probably wrongly decided).

Second, the majority opinion reasons that because section 1202.46 extends the time to set the amount of restitution only until such time as the amount may be determined, it extended the time in Tolliver's case only until April 2016, when the court set the restitution amount in the case of one of Tolliver's codefendants; the court therefore lost jurisdiction to set the amount when Tolliver's probation ended in July 2016. (Maj. opn., *ante*, at p. 13.) The argument interprets the statutory language "until such time as the losses may be determined" (§ 1202.46) to mean that the time ends when the prosecution can determine the loss, or perhaps when the victim can determine it, or perhaps when the court determines it in someone else's case. (See maj. opn., *ante*, at p. 13 [when the amount was set in Tolliver's codefendant's case, "the People and even the victim were aware of the amount that [Tolliver] owed"].)

Such an interpretation makes no sense. The victim's knowledge of the amount cannot be dispositive, because the victim will ordinarily know the amount before the court or even the prosecution. Thus, if the time to set the amount were cut off by the victim's knowledge, then section 1202.46's extension of time for the court to set the amount would be useless—it would end before the court could obtain the relevant information. For identical reasons, the prosecution's knowledge cannot be dispositive (the prosecution will always know before the court), and dilatory conduct by the prosecution cannot matter either, because the victim's constitutional right to restitution

6

cannot be waived, bargained away, or otherwise limited by the prosecution. (*Pierce*, *supra*, 234 Cal.App.4th at pp. 1337-1338.) And the court's setting of the amount in a codefendant's case likewise cannot mark the end of the section 1202.46 extension, because when the court sets the restitution amount in one case it might not even be aware that the same amount should apply in another case.

The only reasonable interpretation of the section 1202.46 deadline—"until such time as the losses may be determined"—is that it means the time to set the amount is extended until the court can determine the amount of the loss in this defendant's case. Here, that did not happen until the prosecution sought to set the amount in response to Tolliver's petition for dismissal and reduction of his charges to misdemeanors.

A line of reasoning similar to the majority opinion's was considered and rejected in *People v. Bufford* (2007) 146 Cal.App.4th 966 (*Bufford*). In *Bufford*, the trial court sentenced the defendant to four years in prison and ordered restitution in an amount to be determined later. (*Id.* at pp. 968-969.) The restitution hearing was continued repeatedly, and eventually the defendant, who had finished serving her sentence, argued that the court no longer had jurisdiction to impose restitution. (*Id.* at p. 969.) The trial court agreed and denied the prosecution's motion to set the restitution amount. (*Ibid.*) In particular, the trial court reasoned that "since the People were capable of ascertaining an amount of restitution at an earlier time in the case, it was incumbent upon the prosecution to seek an award and place the burden upon defendant to oppose it rather than wait." (*Id.* at p. 971.) The Court of Appeal disagreed and reversed. (*Id.* at pp. 968, 971.) The

7

appellate court concluded that under sections 1202.4 and 1202.46 the trial court had continuing jurisdiction to set the restitution amount. (*Id.* at pp. 970-972.) Thus, in *Bufford*, the time to set the restitution amount did not end when the prosecution knew (or believed it knew) the amount. Rather, section 1202.46 gave the trial court continuing jurisdiction to set the amount until *the court* was able to determine the amount of restitution that *the defendant* owed the victim.

The concern that seems to underly *Hilton* (and *Waters*) is that a criminal conviction should not be an endless blank check from the defendant to the victim. In *Hilton*, the trial court ordered restitution and set the amount, the defendant paid it in full and completed probation, and the victim then requested *more* and got it. The Court of Appeal correctly said that was not permissible. There was no statutory basis for granting such a request, and in principle it would be unfair to allow the victim to continue to request and receive *additional* restitution indefinitely.

That concern is not implicated in this case, for the same reason that section 1202.46 did not apply in *Hilton*. Here, the prosecution and victims are not asking for an add-on after the restitution amount was already set and paid. The amount was not previously set, and nothing was ever paid. Because the amount had already been set in *Hilton*, section 1202.46 did not apply. Because the amount was not previously set in this case, section 1202.46 does apply. It gives the trial court continuing jurisdiction to set the restitution amount until such time as the court can determine it.

8

For all of the foregoing reasons, I believe the trial court got this right. The majority opinion reverses a correct ruling, depriving the victims of the restitution to which they are constitutionally entitled and clearing the way for Tolliver to seek dismissal and reduction of his charges to misdemeanors even though he admitted defrauding his victims of hundreds of thousands of dollars, was ordered to pay restitution, and never paid a dime. I therefore respectfully dissent.

MENETREZ          
J.