Filed 3/6/15

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　v.<br><br>DEREK ELDEEN PIERCE,<br><br>　　　　Defendant and Appellant. | C077039<br><br>(Super. Ct. No. CM038054) |

APPEAL from a judgment of the Superior Court of Butte County, Kristen A. Lucena, Judge. Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Derek Eldeen Pierce appeals following the trial court's modification of an order requiring defendant to pay restitution to various victims. Defendant contends: (1) the trial court erred in modifying the restitution order without vacating the prior order to avoid duplication of the restitution award; (2) the trial court erred in imposing restitution for damages caused by a codefendant because the People explicitly waived the claim; and (3) if both or either of these claims is forfeited due to trial counsel's failure to object, counsel provided ineffective assistance. We conclude: (1) the trial court did not err in modifying the restitution order because its modification superseded the prior order; (2) the People's decision not to seek restitution relative to the codefendant's car crash in the initial restitution hearing did not waive the victims' right to seek restitution later; and (3) trial counsel was not ineffective in failing to object because such an objection would have been meritless. Therefore, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant pleaded no contest to home invasion robbery (Pen. Code, § 211)[1] and admitted he voluntarily acted in concert (§ 213, subd. (a)(1)(A)) with two other men, Marcus Jones and Christopher South, in committing the robbery. Jones and Pierce left the scene of the robbery in Jones's car; South stole victim Karl Rauch's truck and crashed it into a telephone pole, damaging the pole and a neighboring house, while attempting to evade law enforcement. Defendant was sentenced to state prison for six years.

At the initial sentencing hearing, the trial court ordered defendant, jointly and severally with Jones and South, to pay restitution to Rauch in the amount of $539.57 plus interest, and reserved jurisdiction to set or modify the victim restitution. At that time, the People sought only restitution for Rauch's out-of-pocket expenses related to medical bills, damage to Rauch's house, and Rauch's travel to and from the courthouse, but did

---

[1] Undesignated statutory references are to the Penal Code.

2

not "include the car and truck rental [in its request], because Mr. South, being the co-defendant, it is definitely arguable that -- foreseeable when you leave your co-defendant there, he's going to look for a way to flee. But I [the prosecutor] believe that it's more appropriate for Mr. South to be saddled with that amount. . . . We did not include the PG&E. And, again, Mr. South drove a truck into a telephone pole. This defendant was not there. And we did not include the damage to a home from the falling telephone pole."

Thereafter, the People moved to modify the victim restitution award for Rauch and to award restitution to additional victims AT&T and PG&E. Pursuant to the People's motions, the court ordered defendant to be jointly and severally liable with Jones and Smith to pay restitution to Rauch in the amount of $20,357.21, to PG&E in the amount of $20,388.63, to William Kumle (the owner of the home damaged by the falling telephone pole) in the amount of $3,749, and to AT&T in the amount of $4,668.47.

DISCUSSION

A. *Restitution for Rauch*

Defendant initially contended the trial court erred in modifying the restitution order without vacating it because the latter order was duplicative of restitution previously awarded to Rauch. In light of the People's response that the subsequent order modified and superseded the prior order, defendant now asks this court to "clarify" that the trial court's subsequent restitution order modifying the amount of restitution owed to Rauch had the effect of vacating and superseding the prior restitution order. The People's motion to modify Rauch's restitution specifically stated that the court had previously awarded $539.57 and that the People were now requesting that Rauch be awarded "a total of **$20,357.21**." (Original boldface and underscoring.) Given the nature of the request by the People, it is clear the trial court's intent in issuing the modified order was to supersede its prior restitution order.

B.     *Restitution for Other Victims*

Defendant next contends the trial court erred when it ordered him to pay restitution to AT&T, PG&E, and Kumle.  He does not contest the court's authority to impose that restitution in principle, but contends it was improper in this instance because the People explicitly waived this restitution at the initial sentencing hearing.  Even assuming defendant did not forfeit this claim by failing to object in the trial court, the claim fails.  (*People v. Scott* (1994) 9 Cal.4th 331, 352, fn. 15 & 354; *People v. Bradley* (2012) 208 Cal.App.4th 64, 90.)  Since the claim fails on its merits, defense counsel did not render ineffective assistance by failing to object to the restitution order in the trial court.  (*Bradley*, *supra,* at p. 90 ["Failure to raise a meritless objection is not ineffective assistance of counsel"].)

Section 1202.4 states, in relevant part, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court."  (§ 1202.4, subd. (f).)  Here, though the People initially did not seek victim restitution against defendant relative to South's crashing of Rauch's stolen truck into a telephone pole, victims Rauch, AT&T, PG&E, and Kumle are all entitled to full restitution for the economic loss they suffered as a result of defendant's conduct.  (§ 1202.4, subd. (f).)

The victims' right to restitution is a constitutional one, and just as it cannot be bargained away or limited by the prosecution, nor can the prosecution waive the victim's right to restitution.  (See *People v. Valdez* 1994) 24 Cal.App.4th 1194, 1202-1203 [victim restitution is not subject to negotiation between the prosecution and defense, and cannot be waived or limited by the prosecution]; accord, *People v. Brown* (2007) 147 Cal.App.4th 1213, 1226 ["Victim restitution cannot be bargained away by the People"].) Indeed, on the motion of a victim, a court may at any time correct a sentence that is

rendered invalid due to the omission of a restitution order.  (§ 1202.46.)  Nor may a trial court generally stray from the statutory mandate of "full restitution."  (§ 1202.4, subd. (f); see also *People v. Bernal* (2002) 101 Cal.App.4th 155, 164-165; *People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751-1752.) [2]  Therefore, the prosecutor's failure to seek restitution relative to the car collision at the initial sentencing hearing does not preclude seeking that restitution at a later proceeding.

DISPOSITION

The judgment (restitution order) is affirmed.


      NICHOLSON      , Acting P. J.

We concur:


      ROBIE      , J.


      MURRAY      , J.

---

[2]    Though section 1202.4, subdivision (f) permits a trial court to provide less than full restitution where it provides "compelling and extraordinary reasons" for doing so, we question, whether this discretion statutorily afforded the court is constitutionally sound in light of the amendment of article I, section 28, subdivision (b) of the California Constitution effectuated by the voters' approval of Proposition 9, the Victims' Bill of Rights Act of 2008:  Marsy's Law (Marsy's Law).  (Eff. Nov. 5, 2008.)  Prior to the approval of Marsy's Law by the voters in 2008, article I, section 28, subdivision (b) mandated that "[r]estitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, *unless compelling and extraordinary reasons exist to the contrary*."  (Cal. Const. art. I, § 28, former subd. (b), as adopted June 8, 1982, italics added.)  Marsy's Law removed that discretion, and article I, section 28, subdivision (b)(13)(B) now requires that "[r]estitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss."  We encourage the Legislature to conform section 1202.4 in all respects in light of Marsy's Law.