Filed 1/22/24  P. v. Barnette CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096140 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04035) |
| v. | |
| KENNETH BARNETTE, | |
| Defendant and Appellant. | |

Defendant Kenneth Barnette appeals from the trial court's order declining to strike two firearm enhancements pursuant to Penal Code section 1385.[1]  He contends the trial court failed to recognize the scope of its discretion when deciding whether to strike the enhancements.  We will affirm.

---

[1] Undesignated statutory references are to the Penal Code.

BACKGROUND

We summarize the facts from our opinions in Barnette's prior appeals, *People v. Barnette* (Nov. 19, 2018, C079639) [nonpub. opn.] (*Barnette I*) and *People v. Barnette* (Nov. 13, 2020, C090884) [nonpub. opn.] (*Barnette II*). On June 15, 2013, M.C. drove a white Volkswagen Jetta to a gas station in Sacramento. His uncle, Darryl Hill, was in the front passenger seat. In the backseat were M.C.'s brother, as well as M.C.'s 18-month-old daughter. The three men were all in their early 20's. All gas pumps were being used, so they waited for a pump to open up. When one did, M.C. drove toward the gas pump and turned around to back into position at the pump. As he was backing into position, a silver Infiniti driven by Barnette began backing toward the pump, blocking M.C. from completing the maneuver into place at the pump. M.C. honked at the car, but neither car moved. (*Barnette I*, *supra*, C079639.)

"Hill got out of the Jetta, telling the others in the car that he was going to ask the driver of the silver Infiniti to move, and walked around the back of the Infiniti, approaching the driver's side of that car. As Hill approached, he gestured with his hand. Defendant said, 'Why are you walking up on my car?' or 'Why are you walking up on me?' He got out of the Infiniti and fired a handgun at Hill and at the Jetta six times. Immediately after firing the gun, defendant reentered the Infiniti and drove away." (*Barnette I*, *supra*, C079639.) Hill suffered five gunshot wounds and died on the scene. M.C. and his brother were both struck. (*Ibid*.)

A jury found Barnette guilty of murder (§ 187, subd. (a)), shooting at an occupied vehicle (§ 246), and attempted murder (§§ 187, subd. (a), 664). As to the murder and attempted murder convictions, the jury found true firearm allegations under section 12022.53, subdivision (d). (*Barnette I*, *supra*, C079639.) "The trial court sentenced defendant to a determinate five-year term (the middle term) for shooting at an occupied vehicle. It also sentenced defendant to an indeterminate term consisting of 25 years to life for the murder, life with the possibility of parole for attempted murder, and two terms

of 25 years to life for the firearm discharge enhancements associated with the murder and attempted murder. Each of the terms were imposed consecutively, resulting in an aggregate term of five years, plus 82 years to life." (*Ibid.*)

Barnette appealed and this court remanded the matter for the trial court to consider whether to strike one or both of the firearm enhancements under Senate Bill No. 620 (Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018; § 12022.53, subd. (h)). (*Barnette I*, *supra*, C079639.) On remand, the trial court concluded it was "not in the interest of justice to strike the two firearm enhancements." (*Barnette II*, *supra*, C090884.) Barnette appealed again, arguing the trial court erred by not considering his postconviction conduct. We agreed and remanded to permit the trial court to consider this conduct when exercising its discretion. (*Ibid.*)

On remand for the second time, Barnette submitted statements from two witnesses to the shooting and a defense investigator's summary report. Barnette argued these materials were mitigation evidence as they supported the claim that he had acted in self-defense and did not intend to shoot the individuals in the car.

On April 22, 2022, the trial court again declined to strike the firearm enhancements. The trial court stated it had "read and considered the briefs" and found that "many of the factual assertions in those briefs are not supported by the evidence produced at trial. There's absolutely no evidence supporting many of the assertions, including to the extent that counsel argued the crime was committed in self-defense or in the heat of passion." After recounting the facts of the gas station shooting, the trial court reviewed Barnette's criminal history, which included two juvenile adjudications for battery for "punching a janitor in high school and pushing a security officer who was asking the Defendant to leave" and a prior conviction as an adult for a "battery with serious bodily injury involving a store clerk in a dispute over money." As to Barnette's postconviction conduct, the trial court considered several physical altercations he had while in prison. The trial court concluded: "Given the Defendant's history of violent

3

behavior and his post-conviction record, the Court believes he'll pose a danger to society if the firearm enhancements are stricken or modified.  [¶]  Accordingly, the Court finds that the general objectives of sentencing are furthered by declining to strike the firearm enhancements."

Barnette filed a timely notice of appeal in April 2022.  His opening brief was filed in May 2023, and this case was fully briefed on November 20, 2023.

## DISCUSSION

Barnette now contends the trial court erred by:  (1) not recognizing that section 1385, subdivision (c) creates a rebuttable presumption that enhancements should be stricken when certain mitigating circumstances are present; and (2) not considering the witness statements submitted by Barnette.  Barnette also argues his counsel was ineffective by failing to adequately apprise the court of its discretion to consider the witness statements.

### A.    *Rebuttable Presumption*

"In 2021, the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) . . . which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice.  (Stats. 2021, ch. 721, § 1.)"  (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)  Subdivision (c)(1) of section 1385, as amended, provides:  "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  Subdivision (c)(2) of section 1385 provides in relevant part:  "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  The pertinent

4

factor here is contained in subdivision (c)(2)(B) of section 1385: "Multiple enhancements are alleged in a single case."[2]

Relying on *People v. Walker* (2022) 86 Cal.App.5th 386, review granted March 22, 2023, S278309, Barnette argues that when one of the enumerated mitigating circumstances listed in section 1385, subdivision (c)(2) is present, there is a rebuttable presumption that the enhancement at issue should be dismissed. Our Supreme Court is now poised to decide whether this statute creates a rebuttable presumption, having granted review in *Walker*. But even if it did, it would have no impact on this case. As *Walker* explained, "section 1385's mandate to 'afford great weight' to mitigating circumstances erects a rebuttable presumption that obligates a court to dismiss the enhancement *unless the court finds that dismissal of that enhancement . . . would endanger public safety*." (*Walker,* at p. 391, italics added.) Here, the trial court expressly found that dismissing Barnette's firearm enhancements would endanger public safety, and Barnette does not challenge that finding. Therefore, to the extent any presumption in favor of dismissal exists, it would be rebutted in this case.

B.      *Witness Statements*

Barnette next contends the trial court failed to recognize its discretion to consider the witness statements intended to challenge the validity of Barnette's convictions. But the trial court did consider these materials. At the outset of the hearing, the trial court stated it had "read and considered the briefs." The trial court went on to state that many of the factual assertions in the briefs filed by defense counsel are not supported by the evidence produced at trial, including the assertion that "the crime was committed in self-defense or in the heat of passion." The trial court thus reviewed the statements submitted

---

[2] Barnette also asserts that section 1385, subdivision (c)(2)(C) applies here: "The application of an enhancement could result in a sentence of over 20 years." But even without the firearm enhancements, Barnette's minimum sentence would be over 20 years.

with Barnette's briefs but rejected them as insubstantial and contrary to the weight of evidence from trial. That the trial court did not give the evidence the weight Barnette believed it should have does not mean the trial court did not consider it.

        C.    *Ineffective Assistance of Counsel*

Lastly, Barnette claims his trial counsel was constitutionally ineffective for failing to apprise the court of its discretion to consider the witness statements. Because the trial court considered the witness statements, however, trial counsel need not have taken any action and we find no ineffective assistance of counsel. (See *People v. Pierce* (2015) 234 Cal.App.4th 1334, 1337 ["Since the claim fails on its merits, defense counsel did not render ineffective assistance"].)

DISPOSITION

The trial court's order declining to strike Barnette's firearm enhancements is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
EARL, P. J.

/s/
MAURO, J.

6