Filed 9/19/24  P. v. Doucet CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALCIDE DOUCET,<br><br>Defendant and Appellant. | C099301<br><br>(Super. Ct. Nos. STK-CR-FE-2008-0010044, SF110108A) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

FACTS AND HISTORY OF THE PROCEEDINGS

On February 24, 2010, a jury found defendant Alcide Doucet guilty of attempted second degree murder (Pen. Code, §§ 664, 187; count one) [unless otherwise stated, statutory section citations that follow are to the Penal Code]; assault with a firearm (§ 245, subd. (a)(2); count three); infliction of corporal injury upon a dating partner (§ 273.5; count four); and criminal threats (§ 422; counts five and six).  The jury also found true numerous enhancements, including that defendant had intentionally and personally discharged a gun proximately causing great bodily injury in the attempted murder (§§ 12022.53, subd. (d), 12022.7, subd. (a)).  The trial court sentenced him to an

1

aggregate prison term of 5 years, plus 25 years to life. We upheld this judgment in an unpublished opinion issued in 2011. (*People v. Doucet* (Aug. 18, 2011, C064862) [nonpub. opn.].)

Thereafter, on August 19, 2022, defendant filed an in propria persona form petition for resentencing under former section 1170.95 (now section 1172.6). Effective June 30, 2022, the Legislature renumbered former section 1170.95 to become section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although defendant filed his petition under former section 1170.95, we cite the current section number throughout this opinion.

The trial court appointed counsel, and the People filed an opposition arguing defendant was ineligible for relief as the actual attempted killer. Defendant's attorney did not file a reply. The prima facie hearing occurred on July 10, 2023. The trial court denied defendant's petition finding that as the sole perpetrator defendant was unable to state a prima facie case for relief. Defendant timely appealed.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

In *Wende*, our Supreme Court held that, "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

2

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.)  The Supreme Court set forth applicable procedures for such cases, saying, where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so.  (*Id*. at p. 232.)

Here, defendant complains:  (1) his appellate counsel was ineffective for filing a *Wende* brief instead of briefing arguable issues; (2) his appellate and trial counsel were ineffective for not asking the trial court to exercise its discretion to strike a firearm enhancement; and (3) his appellate and trial counsel were ineffective for not arguing that his original jury should have been instructed with a heat of passion jury instruction.

Taking these arguments in order, defendant does not have a constitutional right to effective assistance of appellate counsel in this review of the denial of his section 1172.6 petition.  (See *Delgadillo*, *supra*, 14 Cal.5th at p. 224 [defendant's appeal from denial of his section 1172.6 petition does not "implicate a constitutional right to counsel"].)  Thus, he cannot now complain he received ineffective assistance because his appellate counsel filed a *Wende* brief.

Next, his argument concerning the failure to ask the trial court to strike a firearm enhancement misapprehends the scope of the proceedings.  Defendant was not before the court for a full resentencing wherein he might ask for the benefit of ameliorative changes that have occurred following his original sentencing.  Rather, he was before the court attempting to establish eligibility for resentencing of his attempted murder conviction pursuant to section 1172.6.  Unless and until he obtained recall of the attempted murder conviction and a resentencing hearing (§ 1172.6, subds. (d)(1), (e)), defendant was not

3

entitled to seek modification of his long final judgment by striking a firearm enhancement. Thus, defendant did not receive ineffective assistance of trial counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-692 [ineffective assistance of counsel claim requires attorney's deficient performance and prejudice arising from that performance].)

Finally, defendant cannot challenge the trial court's denial of his section 1172.6 petition by arguing that the trial court should have instructed his original jury on the lesser included offense of voluntary heat of passion attempted manslaughter. (See *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438, fn. omitted [§ 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) Accordingly, his counsel was not ineffective for failing to raise this meritless issue. (*Strickland v. Washington*, *supra*, 466 U.S. at pp. 687-692; see also *People v. Pierce* (2015) 234 Cal.App.4th 1334, 1337 [failure to raise meritless issue does not result in effective assistance].)

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

FEINBERG, J.

4